**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1285

CAMERON J. AIKENS,

Plaintiff - Appellant,

v.

HERBALIFE INTERNATIONAL OF AMERICA, INC.,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge.  (1:23-cv-00757-WO-JLW)

Submitted: April 29, 2026                           Decided:  August 5, 2026

Before AGEE, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion. Judge Quattlebaum wrote a concurring opinion.

**ON BRIEF:** Brian K. Leonard, B.K. LEONARD LAW FIRM, Morrisville, North Carolina, for Appellant. John E. Pueschel, Haley K. Hurst, Winston-Salem, North Carolina, Gerard M. Clodomir, WOMBLE BOND DICKINSON (US) LLP, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cameron J. Aikens appeals from the district court's grant of summary judgment to his former employer, Herbalife International of America, Inc., on claims of discrimination and retaliation under 42 U.S.C. § 1981. On appeal, Aikens argues the district court employed the wrong legal standards, improperly weighed evidence and erred when striking evidence he submitted. We have reviewed the record and find no reversible error. Whether proceeding under the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), or the text of § 1981, we conclude, as the district court did, that Aikens has not shown a genuine dispute of material fact. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*AFFIRMED*

QUATTLEBAUM, Circuit Judge, concurring:

I join today's decision in full. I write separately to reiterate concerns with the *McDonnell Douglas* burden-shifting framework that I explained in my concurrence in *Hollis v. Morgan State University*, 153 F.4th 369 (4th Cir. 2025). As I discussed in *Hollis*, *McDonnell Douglas* is counter-textual, more restrictive than the language of the statute, imposes a higher burden than Federal Rule of Civil Procedure 56 requires and is unnecessarily complex. *Hollis*, 153 F.4th at 391–95 (Quattlebaum, J., concurring).